CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for H'burg
MAY 05 2009
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:08CR00039-1 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| BRIAN ANTONIO STRICKLAND, | ) | |
|     a/k/a "B" | ) | |
|     a/k/a "Slim" | ) | |
|     a/k/a "Brian Strickland," | ) | By:   B. WAUGH CRIGLER |
| | ) |         U.S. MAGISTRATE JUDGE |
|         Defendant. | ) | |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple-count Superseding Indictment charging defendant in Count One with knowingly and intentionally combining, conspiring, confederating and agreeing together with persons known and unknown to the Grand Jury, to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846; in Count Twelve with being a principal and aider and abetter, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2; in Count Thirteen with knowingly and intentionally distributing five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II

controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); in Count Fourteen with knowingly and intentionally distributing a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); in Count Fifteen with knowingly and intentionally distributing five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); in Count Sixteen with knowingly and intentionally distributing five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); in Count Seventeen with knowingly possessing a firearm, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution of five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 18, United States Code, Section 924(c)(1)(A); in Count Eighteen with knowingly and intentionally distributing five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); in Count Nineteen with knowingly possessing a firearm, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution of five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 18, United

States Code, Section 924(c)(1)(A); in Count Twenty with knowingly and intentionally distributing five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); in Count Twenty-One with knowingly possessing a firearm, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution of five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 18, United States Code, Section 924(c)(1)(A); and in Count Twenty-Two with knowingly and intentionally distributing five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

On April 29, 2009, a plea hearing was conducted before the undersigned. At the hearing, the defendant was placed under oath and testified that his full legal name is Brian Antonio Strickland, he was born on October 25, 1981, and he attended school up to the tenth grade. The defendant stated that he can read, write, and understand the English language, and that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug, and that he had no physical or mental condition which impaired his ability to understand the nature of the proceedings being held. The defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty or the voluntariness of his participation in negotiating a plea agreement.

3

The defendant testified that he had received a copy of the Superseding Indictment, and that he had fully discussed the charges therein and any defenses thereto, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that, apart from the terms of the Plea Agreement entered into with the government, which was filed with the court, no one had made any representations or promises to him for leniency or a lighter sentence. Moreover, no one had made promises, assurances, threats or coerced him in any way in an effort to induce his plea or his execution of the Plea Agreement. The defendant testified that he understood that Counts One and Seventeen are felonies, and that if his plea is accepted, he will be adjudged guilty of those offenses, and the government will move for dismissal of him from the remaining counts of the Superseding Indictment.

The defendant acknowledged that the maximum statutory penalty for Count One is a $4,000,000 fine and/or imprisonment for a term of life, together with a term of supervised release. The defendant further acknowledged that there is a mandatory minimum sentence of ten years imprisonment. The defendant acknowledged that the maximum statutory penalty for Count Seventeen is a $250,000 fine and/or imprisonment for a term of life, together with a term of supervised release. The defendant further acknowledged that there is a mandatory minimum sentence of five years imprisonment, and that sentences imposed for violations of 18 U.S.C. § 924(c) must be served consecutive to every other sentence imposed. The defendant was informed that parole has been abolished, and that if he is sentenced to prison, he will not be released on parole, but on supervised release, a violation of which could result in additional incarceration. Finally, the defendant testified that he understood that he will be required to pay a special assessment of $100

4

per felony count of conviction, he may be ordered to pay restitution, and his assets may be subject to forfeiture.

The defendant was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that the Sentencing Guidelines are no longer mandatory, but the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the Guidelines. The defendant stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him, or any recommendation by the government, and that the court has the authority to impose a sentence that is either higher or lower than that called for by the Guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant was informed that any information he gives during a proffer or cooperation will not be used against him to enhance his sentence pursuant to USSG § 1B1.8, but that the information could be used to show he was accepting responsibility. The defendant stated that he understood that, contingent upon his acceptance of responsibility, continued cooperation in the sentencing process, and fulfillment of his duties under the Plea Agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a), and, if applicable at sentencing, the government will move that he be given an additional one-level (1) reduction under USSG §

5

3E1.1(b). The defendant stated he knew that all matters pertaining to the Superseding Indictment, including dismissed counts, were relevant conduct for purposes of sentencing. The defendant also acknowledged it had been agreed that the 2008 edition of the United States Sentencing Guidelines Manual applied to his offenses and that § 2D1.1 was applicable to his conduct. The defendant acknowledged he understood that even should he fully cooperate with law enforcement, the government is under no obligation to file a motion for substantial assistance, and if the government makes the motion, it is up to the court to determine how much of a departure, if any, should be made.

The defendant stated he had agreed to waive the presence of counsel at any future contact with government personnel, and that such contact could occur without prior approval of counsel. However, the defendant understood that, should he request counsel during the contact, such contact would be suspended until counsel was present or agreed the contact could continue. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case. The defendant was informed that, at the discretion of the court, he may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862(a), as set forth in the plea agreement. The defendant also acknowledged his consent to the abandonment, official use and/or destruction of anything seized by law enforcement during the investigation of his case. The defendant confirmed he had agreed to pay restitution for all matters included in his relevant conduct, and that he had agreed to pay any restitution due pursuant to 18 U.S.C. §§ 3663 and/or 3663A. The defendant acknowledged his agreement to make good faith efforts toward payment of any mandatory fines, assessments and restitution imposed, and that he would submit a financial statement, if called upon to do so, and

6

would not convey anything of value without authorization from the government. The defendant understood that, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties imposed by the Court would be due immediately and subject to immediate enforcement. The defendant acknowledged that his agreement required full participation in inmate employment under any available or recommended programs operated by the Bureau of Prisons, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The defendant acknowledged that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in the Superseding Indictment, including any facts related to sentencing. The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty and persist in that plea;
2. The right to a speedy and public jury trial;
3. The right to assistance of counsel at that trial and in any subsequent appeal;
4. The right to remain silent at trial;
5. The right to testify at trial;
6. The right to confront and cross-examine witnesses called by the government;
7. The right to present evidence and witnesses in his own behalf;
8. The right to compulsory process of the court;
9. The right to compel the attendance of witnesses at trial;
10. The right to be presumed innocent;
11. The right to a unanimous guilty verdict; and
12. The right to appeal a guilty verdict.

The defendant testified that he understood that, under the terms of the agreement, he was waiving rights to appeal or collaterally attack his conviction or sentence. The defendant stated he was aware that the government had retained its rights to appeal.

The defendant also testified that he understood that he may be deprived of valuable civil rights,

such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm. The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel, and that counsel's representation had been effective. The defendant testified that he understood the possible consequences of his plea, and he asked the court to accept his plea of guilty to Counts One and Seventeen of the Superseding Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court. The Factual Summary having been filed in open court, and the evidence presented therein regarding the offenses charged is as follows: Had this matter proceeded to trial the United States would have presented evidence that the investigation of Brian Strickland, Bianca Maynard, and Joseph Houghton was part of a larger investigation of drug dealing committed by the defendants and their co-defendants from July 2008 until late 2008. The various defendants sold cocaine base typically, though not exclusively, in the area of the Dowell J apartment complex in Winchester, Virginia, located in the Western Judicial District of Virginia.

The investigation revealed that the defendants cooperated in their efforts to sell more than 50 grams of cocaine base and successfully sold more than 50 grams of cocaine base. Sometimes, in a single transaction, the conspirators would each contribute an amount of cocaine base (to achieve the total amount requested by the buyer) so that each conspirator would profit from the transaction. On other occasions the defendants assisted each other in arranging drug transactions. Additionally, the defendants would sometimes provide on consignment, or "front," cocaine base to each another for the purpose of distributing the cocaine base. Typically, defendants Cory Dudley, Bianca Maynard, Edward Bell, and Joseph Houghton sold cocaine base at the Dowell J apartment complex. Defendants Delante

8

Roper, Brian Strickland, and others were typically the sources of the cocaine base that Dudley, Maynard, Bell and Houghton sold at the Dowell J apartment complex.

In the course of their investigation, officers made multiple controlled purchases of narcotics from the various defendants. On July 15, 2008 officers made a controlled purchase of 1.8 grams of cocaine base from Dudley and Maynard. On July 18 officers made a controlled purchase of 2.4 grams of cocaine base from Dudley, Roper and Houghton. On July 25 officers made a controlled purchase of 1.7 grams of cocaine base from Dudley and Edward Bell. On July 31 officers made a controlled purchase of .92 grams of cocaine base from Bell. On August 15 officers made a controlled purchase of 2.7 grams of cocaine base from Houghton and Maynard. On August 22 officers made a controlled purchase of 1.2 grams of cocaine base from Maynard, Dudley, and Roper. On August 28 officers made a controlled purchase of 2.5 grams of cocaine base from Dudley. On September 3 officers seized 4.0 grams of cocaine base from the pants pockets of Roper. Roper had been stopped by officers after being surveilled at the Dowell J apartment complex for driving after having been declared an habitual offender. On September 10 officers made a controlled purchase of 2.0 grams of cocaine base from Maynard and Dudley. On September 24 officers made a controlled purchase of 0.75 grams of cocaine base from Brian Strickland, Dudley, and Bell.

Officers went on to make many more controlled purchases of cocaine base, totaling more than 50 grams, and firearms from Strickland. It was during one of these occasions on October 18, 2008, that officers made a controlled purchase of 27.2 grams of cocaine base and a Tangfolio .32 caliber pistol with one round of ammunition from Strickland. Strickland indicated he had a .357 caliber pistol for sale as well. The transaction did not take place at the Dowell J apartments but at a residence on Dairy Corner Lane, in the area of Winchester, Virginia.

9

## FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Counts One and Seventeen of the Superseding Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Counts One and Seventeen of the Superseding Indictment and adjudge him guilty of those offenses. The undersigned DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for August 18, 2009 at 10:00 a.m. before the presiding District Judge in Harrisonburg.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The

presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

5/5/09
Date