CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 28 2015

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:08CR00039-01 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| BRIAN ANTONIO STRICKLAND, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

On April 29, 2009, the defendant, Brian Antonio Strickland, entered a plea of guilty to conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846, and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He was subsequently sentenced to a term of imprisonment of 135 months for the drug trafficking offense, plus 60 months for the firearm offense. On November 15, 2011, the court granted a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines, and imposed a reduced term of imprisonment of 120 months for the drug trafficking offense, plus 60 months for the firearm offense. The defendant has now moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. For the following reasons, the motion must be denied.

Pursuant to its statutory authority, the United States Sentencing Commission has amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines, which provides the base offense levels for most federal controlled substance offenses (Amendment 782). The Sentencing Commission has further decided that, effective November 1, 2015, the amended guideline provisions will apply retroactively to defendants who were sentenced under prior versions of the guidelines and who are still incarcerated. The practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving controlled substances may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

In this case, the defendant was subject to a statutorily required minimum term of imprisonment of 120 months for the drug trafficking offense.* See 21 U.S.C. § 841(b)(1)(A) (2006) (requiring a period of incarceration of not less than 10 years for an offense involving 50 grams or more of cocaine base). Although § 841(b)(1)(A) was amended by the Fair Sentencing Act of 2010, the changes to the statute do not apply retroactively to reduce or eliminate the mandatory minimum penalties to which the defendant was subject at the time of his original conviction. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013) (concluding "that the reduced statutory minimum sentences enacted in the FSA on August 3, 2010, do not apply retroactively to defendants who both committed crimes and were sentenced for those crimes before August 3, 2010") (citing United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011)). In addition, because the defendant already received the lowest term of imprisonment authorized by statute, he is not eligible for a sentence reduction under the newly amended provisions of the advisory sentencing guidelines. Simply stated, the amended guideline provisions applicable to controlled substance offenses do not alter or affect the mandatory minimum penalties required by statute. See U.S.S.G. § 1B.10 app. n. 1(a). For these reasons, the defendant's motion for reduction in sentence must be denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 28th day of September, 2015.

_____
Chief United States District Judge

---

* The 60-month consecutive sentence imposed for the firearm offense was also required by statute. See 18 U.S.C. § 924(c)(1)(A)(i).